L1QQresP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        19 CR 116 (KMW) (DCF)
                                               Remote Plea
5   RAYMOND RESTO,

6              Defendant.

7   ------------------------------x

8                                        New York, N.Y.
9                                        January 26, 2021
                                         9:00 a.m.
10

11  Before:

12                   HON. DEBRA C. FREEMAN,

13                                        Magistrate Judge

14                         APPEARANCES
15
    AUDREY STRAUSS
16       United States Attorney for the
         Southern District of New York
17  MICHAEL KROUSE
         Assistant United States Attorney
18
    JAMES E. NEUMAN
19       Attorney for Defendant

20

21

22

23

24

25

L1QQresP

1              (The Judge and all parties appearing via

2      teleconference)

3              (Case called)

4              DEPUTY CLERK:  Counsel, starting with the government,

5      please state and spell your name for the record.

6              MR. KROUSE:  Yes.  This is Michael Krouse.  Good

7      morning, your Honor.  For the United States.  My name is

8      spelled M-I-C-H-A-E-L.  K-R-O-U-S-E.

9              THE COURT:  Good morning.

10             Counsel for defendant?

11             MR. NEUMAN:  Yes.  Good morning.  This is James Neuman

12     for Raymond Resto.  That's J-A-M-E-S.  N-E-U-M-A-N.

13             THE COURT:  Is the defendant present?  Is Mr. Resto

14     there?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Does Mr. Resto need an interpreter?

17             THE DEFENDANT:  No.

18             THE COURT:  Is there anyone else present who may be

19     participating in this conference today?  No?  No one from

20     probation, for example, or anyone else?

21             THE DEFENDANT:  No.

22             THE COURT:  All right.  I want to make sure first that

23     everyone is able to hear and understand the other people on the

24     line.  Let me first ask if, Mr. Resto, if you can hear me

25     clearly and you can understand me.

L1QQresP

| | |
|---|---|
| 1 | THE DEFENDANT:  Yes, ma'am. |
| 2 | THE COURT:  If at any time you cannot hear or |
| 3 | understand what is being said, will you please interrupt the |
| 4 | proceeding and let me know? |
| 5 | THE DEFENDANT:  Yes, I will. |
| 6 | THE COURT:  OK.  And if at any time you wish to |
| 7 | consult with your attorney privately, will you please tell me |
| 8 | that as well? |
| 9 | THE DEFENDANT:  OK. |
| 10 | THE COURT:  I want to make sure both counsel can hear. |
| 11 | Mr. Krouse, can you hear me clearly? |
| 12 | MR. KROUSE:  Yes, your Honor. |
| 13 | THE COURT:  Mr. Neuman, can you hear me clearly? |
| 14 | MR. NEUMAN:  Yes, your Honor. |
| 15 | THE COURT:  I'm going to ask that before either of the |
| 16 | attorneys speaks at this proceeding, please identify yourselves |
| 17 | by name. |
| 18 | Do we have a court reporter present? |
| 19 | (Replies) |
| 20 | THE COURT:  Mr. Resto, if you seem to me to be getting |
| 21 | kind of quiet, I might ask you to speak louder too, and I'm |
| 22 | going to ask the court reporter to please say something if |
| 23 | you're having trouble hearing. |
| 24 | This telephone conference line, you should also |
| 25 | understand, is open to the public and press on a listen-only |

L1QQresP

1    basis.  If you happen to be a member of the public or press,

2    please mute your line.  Please keep it on mute, and also be

3    aware that just as if you were physically present in the

4    courtroom, you are prohibited from recording, rebroadcasting or

5    disseminating any proceedings of court proceedings including

6    this one.  Violation of these prohibitions may result in

7    sanctions.

8         Mr. Resto, I am Judge Freeman, and under normal

9    circumstances everyone participating in this proceeding today

10   would be physically present in a courtroom.  But we are still

11   in the midst of a pandemic, and to ensure everyone's safety and

12   avoid the spread of the COVID-19 virus, we are conducting this

13   proceeding remotely specifically by telephone conference

14   pursuant to the authority provided by the CARES Act and the

15   standing orders of this court.

16        Under that Act, I find that videoconferencing is not

17   reasonably available to conduct this proceeding.  The

18   facilities for videoconferencing that we have available are

19   extremely limited, and there is insufficient availability for

20   everyone who wishes to use it to do so.

21        In addition under the CARES Act, in the case of any

22   plea or sentence conducted by video or telephone conference,

23   the district judge presiding over the case must determine

24   whether the proceeding cannot be further delayed without

25   serious harm to the interest of justice.  In this case Judge

L1QQresP

1     Wood has made that finding in a written order dated January 11.

2              I would like to confirm with defense counsel the

3     nature of your ability to have conferred with your client

4     sufficiently prior to this proceeding today.  So I'm going to

5     ask defense counsel, can you please just generally describe the

6     nature of the content that you've been able to have with

7     Mr. Resto to prepare for this plea?

8              MR. NEUMAN:  Yes, your Honor.  Well, I have been in

9     intermittent, but I would say regular, telephone contact with

10    Mr. Resto for months.  We spoke most recently last week, and I

11    think I spoke to him maybe a week before that, and again the

12    week before that, and we had fully discussed the plea.  We've

13    had the plea agreement for awhile and went over it by phone

14    initially some time ago, and then I did that again, your Honor,

15    this last week.

16             I've also mailed him hard copies of the plea

17    agreement.  I don't know whether that's been received or not,

18    but we have gone through everything, all the pertinent parts

19    several times.

20             THE COURT:  Has Mr. Resto also seen the indictment or

21    has it been read to him?

22             MR. NEUMAN:  Yes.  Yes.

23             THE COURT:  Did you discuss with Mr. Resto whether he

24    was willing to consent to proceed with a guilty plea by

25    telephone?

L1QQresP

1          MR. NEUMAN:  Yes, I did.  I explained to him his

2    constitutional right to be present, and I discussed with him

3    the CARES Act and the custom that was happening recently

4    because of the pandemic, and he agreed to proceed in this

5    proceeding by telephone.

6          THE COURT:  It was your understanding based on your

7    conversation that Mr. Resto understood his right to be present

8    in the courtroom and is willing to give up that right?

9          MR. NEUMAN:  Yes, and I also told him that I would be

10   signing the form on his behalf, and he consents to that.

11         THE COURT:  I'm going to go over the form that you

12   have provided to the court with Mr. Resto just to make sure he

13   understands.

14         Mr. Resto, I have a form that's entitled Waiver of

15   Right to be Present at Criminal Proceeding, and it's been

16   signed by on your behalf by Mr. Neuman.

17         The form in the relevant portion says the following

18   from you:

19         "I am aware that I have been charged with violations

20   of federal law.  I have consulted with my attorney about those

21   charges.

22         "I have decided that I wish to enter a plea of guilty

23   to certain charges.

24         "I understand I have a right to appear before a Judge

25   in a courtroom in the Southern District of New York to enter my

L1QQresP

1    plea of guilty and to have my attorney beside me as I do.

2              "I am also aware that the public health emergency

3    created by the COVID-19 pandemic has interfered with travel and

4    restricted access to the federal courthouse.  I have discussed

5    these issues with my attorney.  By signing this document I wish

6    to advise the court that I willingly give up my right to appear

7    in person before the Judge to enter a plea of guilty.

8              "By signing this document, I also wish to advise the

9    Court that I willingly give up any right I might have to have

10   my attorney next to me as I enter my plea so long as the

11   following conditions are met:

12             "I want my attorney to be able to participate in the

13   proceeding and to be able to speak on my behalf during the

14   proceeding.  I also want the ability to speak privately with my

15   attorney at any time during the proceeding if I wish to do so."

16             Did you have a chance to discuss that, what I've just

17   read, with your attorney before you decided to proceed today by

18   telephone?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  I'm sorry, I can't hear you.

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  OK.  Do you understand that if you wish to

23   have an opportunity to speak with your attorney privately, I

24   will arrange for you to do that?

25             THE DEFENDANT:  Yes, your Honor.

L1QQresP

```
1              THE COURT:  Do you in fact consent to participate in
2    this plea proceeding by telephone with your attorney also
3    participating separately by phone?
4              THE DEFENDANT:  Yes, your Honor, I do.
5              THE COURT:  I will accept the consent to proceed
6    remotely.
7              Counsel, did you also discuss with Mr. Resto whether
8    he was willing to consent to have his guilty plea conducted by
9    a United States Magistrate Judge?
10             MR. NEUMAN:  Yes.  This is James Neuman again.
11             I did discuss his right, his constitutional right to
12   have this proceeding being conducted by a district judge.  I
13   asked him if he'd be willing to proceed before a magistrate,
14   and I also discussed the form that would indicate that we've
15   discussed this issue and that he agrees to have all Rule 1
16   proceedings be conducted before a magistrate, and he indicated
17   that he consents to that.
18             THE COURT:  Mr. Resto, the indictment in this case
19   charges you with a felony crime, and you have a right to a
20   trial on the charge before a United States District Judge.
21             If you are found guilty, you will be sentenced by a
22   United States District Judge.  And ordinarily a defendant who
23   wishes to enter a plea to this type of charge would do that
24   before the district judge as well, and that judge would then
25   conduct what's called a plea allocution, which is the
```

L1QQresP

1   question-and-answer session that must accompany the entry of a

2   guilty plea.

3          With the defendant's consent, however, a United States

4   Magistrate Judge, such as myself, also has the authority to

5   take a plea.  If you were to consent to proceed before a

6   magistrate judge for the purpose of entering a plea, you would

7   receive all of the same procedural protections as you would

8   receive if you were proceeding before the district judge.

9          Do you understand that?

10         THE DEFENDANT:  Yes, your Honor.

11         THE COURT:  Is it your wish to consent to proceed

12  before a magistrate judge for the purposes of entering a plea?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  I do have a form that's entitled Consent

15  to Proceed Before a United States Magistrate Judge on a Felony

16  Plea Allocution.  Again, your attorney has signed the form for

17  you.  Did he explain that form to you?

18         THE DEFENDANT:  Yes, he did, your Honor.

19         THE COURT:  Have any threats or promises of any kind

20  been made to you to cause you to agree to this procedure today?

21         THE DEFENDANT:  No, your Honor.

22         THE COURT:  All right.  I will accept your consent to

23  proceed before a magistrate judge.

24         Now, in order to take your plea, I must ask you some

25  questions for which I need to place you under oath.  Would you

L1QQresP

1    please raise your right hand and confirm to me that you are

2    raising your hand.

3            THE DEFENDANT:  I'm raising my right hand.

4            (Defendant sworn)

5            THE COURT:  You can put your hand down.

6            Please state your full name for the record.

7            THE DEFENDANT:  Raymond Anthony Resto.

8            THE COURT:  Are you a United States citizen?

9            THE DEFENDANT:  Yes.

10           THE COURT:  How old are you?

11           THE DEFENDANT:  26 years old.

12           THE COURT:  How far did you go in school?

13           THE DEFENDANT:  Tenth grade.  I have my GED.

14           THE COURT:  Tenth grade, and you have your GED?

15           THE DEFENDANT:  Yes, I do, ma'am.

16           THE COURT:  Are you now or have you recently been

17   under the care of a doctor for any reason?

18           THE DEFENDANT:  Yes.  Yes, your Honor.

19           THE COURT:  Can you tell me generally the reason

20   you've been under the care of a doctor?

21           THE DEFENDANT:  Well, I received -- I just received

22   pills like Tylenol because I caught the COVID, I have COVID-19.

23           THE COURT:  You have COVID now?

24           THE DEFENDANT:  Yes.

25           THE COURT:  So you've been under the care of a doctor

L1QQresP

 1   for that?

 2           THE DEFENDANT:  Not -- just pills.  Just Tylenol.

 3           THE COURT:  Tylenol, OK.  Do you take any other kind

 4   of medication?

 5           THE DEFENDANT:  No, your Honor.

 6           THE COURT:  Do you have any other kind of physical

 7   condition for which you need medical care?

 8           THE DEFENDANT:  No, your Honor.

 9           THE COURT:  Have you seen a psychiatrist or a

10   psychologist recently?

11           THE DEFENDANT:  No, your Honor.

12           THE COURT:  Do you have any condition that affects

13   your ability to hear?

14           THE DEFENDANT:  No, your Honor.

15           THE COURT:  Do you have any condition that affects

16   your ability to think or to reason or to understand or make

17   decisions or judgments on your own behalf?

18           THE DEFENDANT:  No, your Honor.

19           THE COURT:  Have you ever been treated for drug

20   addiction or alcoholism?

21           THE DEFENDANT:  Well, I went to rehab.  I went to a

22   rehab for marijuana and alcohol addiction.

23           THE COURT:  How long ago was that?

24           THE DEFENDANT:  Two thousand -- I want to say 1999.

25           THE COURT:  So awhile ago?

L1QQresP

1            THE DEFENDANT:  And again in 2013.

2            THE COURT:  All right.  As you appear before me today

3       on this call, are you under the influence of any kind of drugs

4       or alcohol or medication?

5            THE DEFENDANT:  No, ma'am.

6            THE COURT:  Is your mind clear today?

7            THE DEFENDANT:  Yes, ma'am.

8            THE COURT:  Do you generally feel all right today?

9            THE DEFENDANT:  Yes, your Honor.

10           THE COURT:  Do you have any trouble understanding the

11      questions I'm asking you?

12           THE DEFENDANT:  No, your Honor.

13           THE COURT:  Have you received a copy of the indictment

14      in this case?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  Have you had a chance to read it or do you

17      want me to take the time to read it to you?

18           THE DEFENDANT:  I've read it, your Honor.  I'm OK with

19      it.

20           THE COURT:  OK.  Do you understand what it says you

21      did?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Have you had enough time to talk to your

24      attorney about the charge and about how you wish to plead?

25           THE DEFENDANT:  Yes, your Honor.

L1QQresP

1          THE COURT:  Are you satisfied with the representation

2     and advice given to you by your attorney?

3          THE DEFENDANT:  Absolutely, yes, your Honor.

4          THE COURT:  All right.  Are you ready to enter a plea?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  All right.  I have a copy of a plea

7     agreement which indicates that Mr. -- I'm sorry -- that

8     indicates that the government is prepared to accept a guilty

9     plea to a lesser included offense.  I'm assuming that is what

10    Mr. Resto would be pleading to.

11         Is that right, counsel?

12         MR. KROUSE:  This is Michael Krouse, your Honor.  Yes.

13         MR. NEUMAN:  Yes.  Mr. Neuman, yes.

14         THE COURT:  All right.  So just bear in mind,

15    Mr. Resto, that Count One of the indictment charges you with

16    conspiring to distribute and possess with intent to distribute

17    400 grams and more of fentanyl, one kilogram and more of heroin

18    and five kilograms and more of cocaine.

19         The plea agreement states that the government will

20    accept a guilty plea to the lesser included offense of

21    conspiring with others to distribute and possess with intent to

22    distribute a quantity of mixtures and substances containing

23    detectable amounts of fentanyl, heroin and cocaine in violation

24    of Title 21 of the United States Code, Sections 841(b)(1)(C)

25    and 846.

L1QQresP

| | |
|---|---|
| 1 | How do you wish to plead to that lesser included |
| 2 | offense?  Guilty or not guilty. |
| 3 | THE DEFENDANT:  Yes, guilty. |
| 4 | THE COURT:  All right.  Because you are proposing to |
| 5 | enter a guilty plea, I have to ask you some additional |
| 6 | questions to be sure that you understand the nature of the |
| 7 | charge against you to which you are pleading and the |
| 8 | consequences of your plea and also to ensure that your plea is |
| 9 | voluntary. |
| 10 | First, I want you to understand that if you are |
| 11 | convicted of this lesser included offense to which you are |
| 12 | seeking to plead guilty, you could face a maximum sentence of |
| 13 | 20 years' imprisonment, a maximum term of supervised release of |
| 14 | life, a mandatory minimum term of supervised release of three |
| 15 | years, a maximum fine of the greatest of $1 million or twice |
| 16 | the gross pecuniary gain or monetary gain that you derived from |
| 17 | the offense or twice the gross pecuniary loss to persons other |
| 18 | than yourself resulting from the offense, and a mandatory |
| 19 | special assessment of $100. |
| 20 | Do you understand all of that? |
| 21 | THE DEFENDANT:  Yes, your Honor. |
| 22 | THE COURT:  Do you also understand that if convicted |
| 23 | of this crime, the court may require you to pay restitution to |
| 24 | any victims of the crime? |
| 25 | THE DEFENDANT:  Yes, your Honor. |

L1QQresP

1          THE COURT:  Do you also understand that if you are

2    convicted, you could be required to forfeit all property, real

3    and personal, that constitutes or derives the proceeds

4    traceable to your crime?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Do you also understand that if as part of

7    your sentence you are placed on a term of supervised release

8    and you then violate any condition of that release, your

9    supervised release may be revoked, and you may face an

10   additional term of imprisonment?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Do you understand that if that should

13   happen, if your supervised release is revoked, the court may

14   order you to serve in prison all or part of the term of

15   supervised release that's authorized by law for this offense

16   without giving you credit for the time that you may have

17   already served on supervised release?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Do you understand that you have a right to

20   plead not guilty to the charge and the right to a speedy and

21   public trial and a jury trial if you wish?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Do you understand that if you previously

24   entered a plea of not guilty, you are not required to change

25   your plea?

L1QQresP

1                THE DEFENDANT:  Yes, your Honor.

2                THE COURT:  Do you understand that if you were to go

3    to trial, the burden would be on the government to prove your

4    guilt by competent evidence beyond a reasonable doubt?

5                THE DEFENDANT:  Yes, your Honor.

6                THE COURT:  Do you understand that if you were to go

7    to trial, you would be presumed to be innocent unless and until

8    the government did prove your guilt beyond a reasonable doubt?

9                THE DEFENDANT:  Yes, your Honor.

10               THE COURT:  Do you understand that if you were to go

11   to trial by jury, a jury composed of 12 people selected from

12   this district would have to agree unanimously that you are

13   guilty?

14               THE DEFENDANT:  Yes, your Honor.

15               THE COURT:  Do you understand that at a trial, you

16   would be entitled to be represented by an attorney, and if you

17   could not afford to hire one, an attorney would be provided to

18   you free of charge?

19               THE DEFENDANT:  Yes, your Honor.

20               THE COURT:  Do you understand that your right to be

21   represented by counsel, and if necessary to have the court

22   appoint counsel for you, applies not only to the trial itself

23   but also to every other critical stage of the proceedings

24   against you?

25               THE DEFENDANT:  Yes, your Honor.

L1QQresP

|    |    |
|----|----|
| 1  | THE COURT:  Do you understand that at a trial you |
| 2  | would be entitled through your attorney to cross-examine any |
| 3  | witnesses called by the government to testify against you? |
| 4  | THE DEFENDANT:  Yes, your Honor. |
| 5  | THE COURT:  Do you understand that at a trial you |
| 6  | would be entitled to testify and to present evidence on your |
| 7  | own behalf? |
| 8  | THE DEFENDANT:  Yes, your Honor. |
| 9  | THE COURT:  Do you understand that this means that you |
| 10 | would have the right to call witnesses to testify on your |
| 11 | behalf? |
| 12 | THE DEFENDANT:  Yes, your Honor. |
| 13 | THE COURT:  Do you also understand that you would be |
| 14 | entitled to have the court issue subpoenas to compel witnesses |
| 15 | to appear and testify at trial? |
| 16 | THE DEFENDANT:  Yes, your Honor. |
| 17 | THE COURT:  Do you understand that at a trial you |
| 18 | would not be required to incriminate yourself; that is, you |
| 19 | would not be required to testify against yourself? |
| 20 | THE DEFENDANT:  Yes, your Honor. |
| 21 | THE COURT:  Do you understand that this means that at |
| 22 | a trial, you would have the right to testify if you wanted to |
| 23 | do so, but no one could force you to testify if you did not |
| 24 | want to do so, and, furthermore, no inference or suggestion of |
| 25 | guilt could be drawn if you chose not to testify at trial? |

L1QQresP

 1          THE DEFENDANT:  Yes, your Honor.

 2          THE COURT:  Do you understand that if you go forward

 3   with your guilty plea, you will be giving up all of these types

 4   of protections that I've just described, including your very

 5   right to a trial, and that the only remaining step will be the

 6   imposition of sentence by the district judge in this case, who

 7   is Judge Wood?

 8          THE DEFENDANT:  Yes, your Honor.

 9          THE COURT:  Do you understand that if any of the

10   answers that you give me today prove to be untruthful, you

11   could face a separate prosecution for perjury or for making a

12   false statement to the court?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Do you understand that if you plead guilty

15   and your guilty plea is accepted and you are adjudged guilty,

16   that adjudication may deprive you of valuable civil rights,

17   such as the right to vote in some jurisdictions or to hold

18   public office or to serve as a juror or to possess a firearm?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Do you still wish to plead guilty in light

21   of everything I've told you so far?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Do you understand that the decision as to

24   the appropriate sentence in your case will be entirely up to

25   Judge Wood?

L1QQresP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that Judge Wood will

3    have discretion in determining your sentence, and that her

4    discretion will be limited only by what the law requires for

5    the particular offense to which you have pleaded guilty?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you understand that in determining your

8    sentence, the court will have the authority to impose an order

9    of restitution and an obligation to impose a special

10   assessment?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Do you understand that in determining your

13   sentence, the court will also have the obligation to calculate

14   and consider the so-called Sentencing Guidelines even though it

15   will not be required to sentence you within the guidelines

16   range?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Have you and your attorney had a chance to

19   talk about how the guidelines may be calculated in your case?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Do you understand that the court will not

22   be able to determine the guidelines for your case until after a

23   presentence report has been completed, and both you and the

24   government have had the chance to challenge the facts reported

25   there by the probation officer?

L1QQresP

1      THE DEFENDANT:  Yes, your Honor.

2      THE COURT:  Do you understand that even after the

3  guidelines calculation has been made for a case, the sentencing

4  judge will have the authority to impose a sentence that is

5  either less severe or more severe than the sentence recommended

6  by the guidelines as long as it's within the statutory maximum

7  for the charged crime?

8      THE DEFENDANT:  Yes, your Honor.

9      THE COURT:  Do you understand that in addition to

10  considering the sentencing guidelines, the court will also have

11  to consider possible departures from the guidelines and a

12  number of different factors in deciding on the appropriate

13  sentence to impose in your case?

14      THE DEFENDANT:  Yes, your Honor.

15      THE COURT:  Have you and your attorney had a chance to

16  talk about the various factors that are listed in the relevant

17  provision of law that's Title 18 of the United States Code,

18  Section 3553(a) and about how those different factors may apply

19  to you in your particular case?

20      THE DEFENDANT:  Yes, your Honor.

21      THE COURT:  Do you understand that those factors

22  include, but are not limited to, the actual conduct in which

23  you engaged, the victim of the offense, the role you played in

24  the offense, whether or not you have accepted responsibility

25  for your acts, whether you have any criminal history, and

L1QQresP

| 1 | whether you have engaged in any obstruction of justice?

| 2 | THE DEFENDANT:  Yes, your Honor.

| 3 | THE COURT:  Do you understand that even if you end up

| 4 | shocked and disappointed by your sentence, you will still be

| 5 | bound by your guilty plea?

| 6 | THE DEFENDANT:  Yes, your Honor.

| 7 | THE COURT:  Do you understand that under some

| 8 | circumstances, you or the government may have the right to

| 9 | appeal the sentence that is imposed?

| 10 | THE DEFENDANT:  Yes, your Honor.

| 11 | THE COURT:  Do you understand that there is no parole

| 12 | in the federal system, and that if you are sentenced to prison,

| 13 | you will not be released on parole?

| 14 | THE DEFENDANT:  Yes, your Honor.

| 15 | THE COURT:  Understanding everything I've just told

| 16 | you, do you still wish to plead guilty?

| 17 | THE DEFENDANT:  Yes, your Honor.

| 18 | THE COURT:  I do have a copy of a plea agreement

| 19 | between you and the government.  It's a letter dated July 10,

| 20 | 2020 from the office of the United States Attorney to your

| 21 | counsel.

| 22 | Counsel, the copy that I have in front of me is not a

| 23 | signed copy.  Maybe I just printed it out too soon.  Let me ask

| 24 | my deputy.  Do you also have a signed copy?

| 25 | MR. NEUMAN:  No, your Honor.

L1QQresP

1          MR. KROUSE:  No, your Honor.  Your Honor, this is

2     Michael Krouse for the government.  I can transmit a signed

3     copy from me and my unit chief.  It's all been done remotely,

4     so I don't have an actual physical copy either.

5          THE COURT:  That's fine.  Let me just ask on the

6     record to have counsel both for the government and for the

7     defendant to confirm that they have signed this agreement and

8     to confirm whether Mr. Resto's signature has been obtained or

9     has been signed by counsel on his behalf.  Starting with the

10     government.

11          MR. KROUSE:  Yes, your Honor, the government has

12     signed the plea agreement.

13          THE COURT:  Hold on one second.  Did we just lose

14     somebody on the call?

15          THE DEFENDANT:  Hello?

16          THE COURT:  Hold on one second.  Let me ask my deputy.

17     Did someone just drop off whom we need?  I might have lost my

18     deputy.

19          Let me confirm we have everybody else.  Do I have

20     counsel for the government?

21          MR. KROUSE:  Yes, I'm still here, your Honor.

22          THE COURT:  Mr. Neuman, are you still there?

23          MR. NEUMAN:  I'm still here, your Honor.

24          THE COURT:  Is the court reporter still there?

25          (Replies)

L1QQresP

1        THE COURT:  Mr. Resto, I know you're still there,

2   right?

3        THE DEFENDANT:  Yes, your Honor.

4        THE COURT:  The person who is controlling the

5   so-called dashboard for this call is my deputy, and it seems

6   like we may have lost her which, may be a bit problematic, but

7   only if we need to do something -- Aisha, are you back?

8        DEPUTY CLERK:  That's me.

9        THE COURT:  All right.  We lost you.  You're back.

10        DEPUTY CLERK:  Look at your cell.  I'll let you know

11   if I drop off again.

12        THE COURT:  OK.  We figured out that it was you.

13        I was starting to say the only reason that it's

14   critical to have my deputy on the line is if we want to put

15   someone in a private room to talk separately or something along

16   those lines because she is controlling the computer monitors

17   that allows us to do that.  If we run into a problem like that,

18   we will await her return and sort it out.  Otherwise, we will

19   miss you, but we will carry on, Aisha.

20        What we were doing was going through whether the plea

21   agreement had been signed.  The copy I have is dated July 10.

22   And if you could just confirm it was signed without any

23   revisions to the copy that was sent to me.

24        Counsel for the government?

25        MR. KROUSE:  Yes, your Honor, I can confirm that.

L1QQresP

1          THE COURT:  That was Mr. Krouse.

2          And on defendant's side, Mr. Neuman?

3          MR. NEUMAN:  Yes, your Honor, I have signed it, and I

4   have not actually gone through the physical process of having

5   Mr. Resto sign it.  I think I was assuming that we would put on

6   the record that he had -- either that I can sign it for him or

7   that your Honor can sign it for him.

8          THE COURT:  All right.  We will review the plea

9   agreement first and make sure that Mr. Resto understands it.

10          Mr. Resto, did you discuss this plea agreement with

11   your attorney?

12          THE DEFENDANT:  Yes your Honor.

13          THE COURT:  Did he explain to you all of its terms and

14   conditions?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  In reviewing the plea agreement, I note

17   that it contains an analysis as to how the Sentencing

18   Guidelines may impact on any prison term that may be imposed in

19   your case.  Based on that analysis, the agreement states the

20   conclusion that if the guidelines were applied, the sentencing

21   range could be from 121 to 151 months.  Do you understand that?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Do you also understand that the plea

24   agreement states the conclusion that the range for a fine in

25   your case under the guidelines would be anywhere from $30,000

L1QQresP

1   to $1 million?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  Do you understand that Judge Wood is not

4   bound by the guidelines analysis contained in the plea

5   agreement, and that she is free to do her own analysis, which

6   may result in a guidelines range that is different from the one

7   stated in the plea agreement?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  Do you understand that even if Judge Wood

10  agrees with the guidelines analysis contained in the plea

11  agreement and therefore concludes that the guidelines range for

12  a prison term in your case is from 121 to 151 months, she would

13  still be free to impose a sentence that is either less than 121

14  or more than 151 months?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Do you understand that under the terms of

17  this plea agreement, you are agreeing not to seek a so-called

18  departure from the stated guidelines range even though you are

19  reserving your right to seek a sentence outside of the

20  guidelines based on the factors that are listed in Section

21  3553(a)?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Do you understand that as long as Judge

24  Wood sentences you to a prison term of no more than 151 months,

25  you're giving up your right to challenge your prison sentence

L1QQresP

| | |
|---|---|
| 1 | either by an appeal to the Court of Appeals or by any further |
| 2 | application to this court? |
| 3 | THE DEFENDANT:  Yes, your Honor. |
| 4 | THE COURT:  Do you also understand that under the |
| 5 | terms of the plea agreement, you are agreeing not to challenge |
| 6 | any term of supervised release -- |
| 7 | THE DEFENDANT:  Yes, your Honor. |
| 8 | THE COURT:  Hold on a second. |
| 9 | -- that is less than or equal to the statutory |
| 10 | maximum, which in this case is life? |
| 11 | THE DEFENDANT:  Yes, your Honor. |
| 12 | THE COURT:  Do you also understand that you are |
| 13 | agreeing not to challenge any fine that may be imposed as long |
| 14 | as it is not more than $1 million? |
| 15 | THE DEFENDANT:  Yes, your Honor. |
| 16 | THE COURT:  Just in case it has not been done in this |
| 17 | case, I want to take a moment and give the prosecution warnings |
| 18 | under *Brady* as is now required under Rule 5(f) and warnings and |
| 19 | directions regarding that, especially because it is a |
| 20 | continuing obligation, of course. |
| 21 | So I direct the prosecution to comply with its |
| 22 | obligation under *Brady v. Maryland* and its progeny to disclose |
| 23 | to the defense all information, whether admissible or not, that |
| 24 | is favorable to the defendant, material either to guilt or to |
| 25 | punishment and known to the prosecution. |

L1QQresP

1          Possible consequences for noncompliance may include

2   dismissal of individual charges or the entire case, exclusion

3   of evidence should there be a hearing and professional

4   discipline or court sanctions on the attorneys responsible.

5          I will enter a written order more fully describing

6   this obligation, the possible consequences of failing to meet

7   it, and I direct the prosecution to review and comply with that

8   order on a continuing basis.

9          Does the prosecution confirm that it understands its

10  obligations and will fulfill them?

11         MR. KROUSE:  This is Michael Krouse.  Yes, your Honor.

12         THE COURT:  All right.  So I just want to make sure

13  also, Mr. Resto, you understand that under the terms of this

14  plea agreement, even if it turns out that the government

15  illegally withheld from your counsel certain information that

16  would have been helpful to you in defending you at trial,

17  you're giving up your right to complain about that.

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  All right.  I note that in the plea

20  agreement there is a paragraph regarding potential immigration

21  consequences.  Do either counsel have any reason to believe

22  that the defendant is not a United States citizen as he has

23  represented today?

24         MR. KROUSE:  No, your Honor.  This is Michael Krouse.

25         MR. NEUMAN:  This is Mr. Neuman.  The answer is no,

L1QQresP

1   your Honor.

2             THE COURT:  All right.  Mr. Resto, I want you to

3   understand that I have no reason to believe that you are not a

4   United States citizen.  You have told me that you are.  But

5   just in case that is not the fact, I am going to make sure you

6   understand that if you are not a United States citizen, then

7   pleading guilty could subject you to deportation which in the

8   circumstances of your case could be mandatory, and if you're

9   deported, your conviction could prevent you from being admitted

10  to the United States in the future or becoming a citizen in the

11  future.  Do you understand that?

12            THE DEFENDANT:  Yes, your Honor.

13            THE COURT:  Do you also understand that if by chance

14  you are not a citizen, you are agreeing by way of this plea

15  agreement to be bound by your guilty plea regardless of any

16  immigration consequences or perceived consequences that may

17  flow from your plea and sentence -- conviction and sentence?

18            THE DEFENDANT:  Yes, your Honor.

19            THE COURT:  All right.  Let me take one more look at

20  this plea agreement.

21            Do you understand that under the terms of this plea

22  agreement you are admitting the forfeiture allegation contained

23  in the indictment with respect to Count One, and you are

24  agreeing to forfeit to the United States any and all property

25  constituting or derived from any proceeds that you obtained,

L1QQresP

| | |
|---|---|
| 1 | either directly or indirectly, as a result of the offense that |
| 2 | is described in Count One of the indictment as well as any and |
| 3 | all property that you used or intended to use to facilitate the |
| 4 | commission of that crime? |
| 5 | THE DEFENDANT:  Yes, your Honor. |
| 6 | THE COURT:  Before I go further, are there any other |
| 7 | provisions of the plea agreement that either attorney would |
| 8 | like me to go over with Mr. Resto to make sure he understands |
| 9 | the agreement? |
| 10 | MR. KROUSE:  This is Michael Krouse.  No.  Thank you, |
| 11 | your Honor. |
| 12 | MR. NEUMAN:  This is Mr. Neuman.  No, your Honor. |
| 13 | THE COURT:  All right.  Mr. Resto, does your attorney |
| 14 | have your permission to sign this plea agreement on your |
| 15 | behalf? |
| 16 | THE DEFENDANT:  Yes, your Honor. |
| 17 | THE COURT:  Because we don't have a signed copy yet |
| 18 | and we're going to be obtaining one with Mr. Resto's signature, |
| 19 | Mr. Resto I am going to ask you to also please to affix -- I'm |
| 20 | sorry -- I'm going to ask Mr. Neuman to please also affix |
| 21 | Mr. Resto's signature when you submit the signed plea |
| 22 | agreement. |
| 23 | MR. NEUMAN:  Yes, your Honor.  I can email it to your |
| 24 | chambers and to the government as soon as this proceeding is |
| 25 | over. |

L1QQresP

1          THE COURT:  Just make sure that a fully signed copy --

2     it can be electronic, but a fully signed copy makes its way to

3     my deputy so that it can be put together with the other papers

4     from this plea.

5          MR. NEUMAN:  Yes, I will.  Thank you.

6          THE COURT:  Mr. Resto, apart from what is in the plea

7     agreement itself, have any promises of any kind been made to

8     you to influence you to plead guilty?

9          THE DEFENDANT:  No, your Honor.

10         THE COURT:  Have any promises been made to you

11    regarding the actual sentence you will receive?

12         THE DEFENDANT:  No, your Honor.

13         THE COURT:  Do you understand that no one, including

14    your attorney or the government or this court, can give you any

15    assurance as to what your sentence will be as your sentence

16    will be determined solely by the sentencing judge after that

17    judge has ruled on any challenges to the presentence report,

18    has calculated the sentencing guidelines and has determined

19    whether there are grounds to adjust the guidelines range or to

20    sentence you outside of that range?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  All right.  So, I just got a note from my

23    deputy saying that she doesn't actually -- she herself does not

24    actually need the fully signed plea agreement.  You, of course,

25    have to make sure there is a fully executed copy of the

L1QQresP

| | |
|---|---|
| 1 | agreement, but my deputy says she herself does not actually |
| 2 | need a copy.  She would generally give it back to you after the |
| 3 | proceeding.  So just take care of it between counsel as |
| 4 | required, OK? |
| 5 | MR. KROUSE:  Yes, your Honor. |
| 6 | THE COURT:  Back to the plea.  Mr. Resto, has any |
| 7 | force, threat of force or any other kind of threats been made |
| 8 | against you, either directly or indirectly, to influence how |
| 9 | you plead today? |
| 10 | THE DEFENDANT:  No, your Honor. |
| 11 | THE COURT:  Is your plea voluntary and made of your |
| 12 | own free will? |
| 13 | THE DEFENDANT:  Yes, your Honor. |
| 14 | THE COURT:  Before I ask you to explain what you did, |
| 15 | let me ask the government please to summarize the elements it |
| 16 | would need to establish at trial to sustain the charge. |
| 17 | MR. KROUSE:  Yes, your Honor.  This is Michael Krouse |
| 18 | again.  The offense for Count One has two elements -- |
| 19 | THE COURT:  Hold on a second.  The lesser included |
| 20 | offense? |
| 21 | MR. KROUSE:  Yes, excuse me. |
| 22 | The lesser included offense that the defendant is |
| 23 | pleading to has two elements:  First, that two or more people |
| 24 | agreed to distribute and possess with intent to distribute |
| 25 | narcotics.  And, secondly, that the defendant knowingly joined |

L1QQresP

1    the agreement.

2            There is also a requirement for venue that the

3    government prove by a preponderance of the evidence that an act

4    in furtherance of the conspiracy was committed in the Southern

5    District of New York.

6            THE COURT:  Mr. Resto, did you just now hear counsel

7    for the government, Mr. Krouse, summarize the elements of this

8    crime that it would have to prove at trial in order to obtain a

9    conviction against you on that charge?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  Do you understand that the government

12   would have to prove each of the elements of the crime beyond a

13   reasonable doubt in order to obtain a conviction against you?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  Do you still wish to proceed with your

16   plea?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  Let me ask you then, did you in fact

19   commit the offense that is a lesser included offense to Count

20   One that is described in the plea agreement?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  Would you please tell us in your own words

23   what you did that makes you guilty of this crime.

24           THE DEFENDANT:  Well, between 2015 and 2019, I agreed

25   with others to distribute cocaine.  Among other things, in 2018

L1QQresP

1    I supplied cocaine to individuals in the Bronx.  I understood

2    that those people intended to sell the cocaine to others.  At

3    the time I did these things, I knew that they were wrong.

4              THE COURT:  All right.  Let me ask both counsel if

5    either of you believe there are any additional facts that need

6    to be elicited for a satisfactory plea.  Counsel, Mr. Krouse?

7              MR. KROUSE:  No, your Honor.  The government will

8    proffer that acts in furtherance of the conspiracy, including

9    the distribution of the narcotics at issue in the conspiracy,

10   occurred in the Bronx which is in the Southern District of New

11   York.

12             THE COURT:  I think Mr. Resto mentioned that his

13   conduct involved the Bronx.

14             MR. KROUSE:  Yes, your Honor.

15             THE COURT:  Mr. Neuman, do you believe any additional

16   facts need to be elicited for a satisfactory allocution?

17             MR. NEUMAN:  This is Mr. Neuman.  No, I think that's

18   sufficient, your Honor.

19             THE COURT:  Let me ask both counsel.  Do either of you

20   believe there are any additional questions of any kind that

21   should be asked of Mr. Resto today?

22             Mr. Krouse?

23             MR. KROUSE:  No, your Honor.  Thank you.

24             THE COURT:  Mr. Neuman?

25             MR. NEUMAN:  No, your Honor.

L1QQresP

| | |
|---|---|
| 1 | THE COURT:  Do either of you know any reason why I |
| 2 | should not recommend acceptance of the plea? |
| 3 | Mr. Krouse? |
| 4 | MR. KROUSE:  No, your Honor. |
| 5 | THE COURT:  Mr. Neuman? |
| 6 | MR. NEUMAN:  No, your Honor. |
| 7 | THE COURT:  All right.  Then based on my colloquy with |
| 8 | Mr. Resto, I conclude that he does understand the nature of the |
| 9 | charge to which he is pleading and the consequences of his |
| 10 | plea.  I'm also satisfied that his plea is voluntary, and that |
| 11 | there is a factual basis for the plea. |
| 12 | I will also note for the record that I see no issue |
| 13 | here with respect to Mr. Resto's competence to enter a plea. |
| 14 | He seemed fully able to participate in these proceedings today. |
| 15 | Accordingly, I hereby recommend that Judge Wood accept |
| 16 | the proffered plea to the lesser included offense to Count One |
| 17 | of the indictment in 19 Civ. 116. |
| 18 | Has Judge Wood set a sentencing date? |
| 19 | MR. KROUSE:  She has not, your Honor. |
| 20 | THE COURT:  Is defendant in custody? |
| 21 | MR. KROUSE:  He is.  We will just need a control date. |
| 22 | THE COURT:  So 90 days for a control date?  Aisha, do |
| 23 | you have a 90-day control date for me? |
| 24 | DEPUTY CLERK:  That would be April 26, 2021. |
| 25 | THE COURT:  April 26 is a control date.  Please be in |

L1QQresP

1    touch with Judge Wood's chambers.

2              Is there any issue here as to bail?

3              MR. NEUMAN:  This is Mr. Neuman.  No, your Honor.

4              THE COURT:  I'm going to ask the government to prepare

5    the prosecution case summary for purposes of the presentence

6    report and to deliver it to the probation department no later

7    than two weeks from today, 14 days.

8              I'm also going to ask defense counsel to contact the

9    probation department to schedule a presentence interview of

10   your client to be held within that same two-week window.

11   Please make yourself available for that interview so that the

12   matter can be moved along.

13             I assume the government will order a copy of the

14   transcript of this allocution and will submit it, together with

15   any necessary additional paperwork to Judge Wood, so that she

16   may act on my recommendation.

17             Is there anything else?

18             MR. KROUSE:  Not from the government, your Honor.

19   Thank you.

20             MR. NEUMAN:  Not from defense, your Honor.

21             THE COURT:  Best of luck to you, Mr. Resto.

22             THE DEFENDANT:  Thank you, your Honor.

23             THE COURT:  You're welcome.  We are adjourned.

24             (Adjourned)

25